BROWN, CHIEF JUDGE.
|!Plaintiffs, Julius and Gloria Boston, on behalf of their minor son, Jordan, brought suit against defendant, Jackson Parish *401 School Board, for damages, claiming negligent supervision. After a bench trial, the district court rendered a judgment in favor of defendant, finding no liability and dismissing the case.[1] Plaintiffs filed the instant appeal. For the reasons set forth below, we affirm.
Facts
On February 8, 2012, P.E. Coach Greg Garner instructed Jordan and another student, Clayton Hampton, both ninth grade students at Jonesboro-Hodge High School, to move a table from the gym to the academic building. The tables had been set up in the gym for a science fair. The boys crossed the parking lot carrying the table, a distance of about 40 yards, and, upon reaching the academic building, Jordan held the door open for Clayton, who was to carry the table through the door. As Clayton was carrying the table through the door, the table slipped from his hands, landing on Jordan’s left big toe. Jordan was eventually diagnosed with a fractured left big toe.
On February 4, 2013, Julius and Gloria Boston filed a petition for damages against the Jackson Parish School Board, claiming defendant was liable for negligence in: (1) instructing students to engage in unsafe activities; (2) failing to provide adequate instruction and supervision; (3) instructing students to move furniture; (4) failing to properly supervise and monitor teachers; and (5) failing to implement policies and procedures [^relating to inappropriate activities for students, such as furniture moving. Plaintiffs sought damages for medical expenses, physical pain and suffering, emotional distress, loss of enjoyment of life, mental anguish, reasonable attorney’s fees, legal interest, and court costs.
After a bench trial on the merits, the court found in favor of defendant and dismissed plaintiffs’ claims with prejudice. The court stated in its oral reasons for judgment that asking students to move a table was not a breach of defendant’s duty to keep students safe while at school.
Discussion
A school board, through its agents and teachers, owes a duty of reasonable supervision over students. La. C.C. art. 2320; S.J. v. Lafayette Parish Sch. Bd., 09-2195 (La. 7/6/10), 41 So.3d 1119; Brammer v. Bossier Parish Sch. Bd., 50,220 (La.App. 2 Cir. 11/25/15), 183 So.3d 606. The supervision compelled is reasonable, competent supervision appropriate to the age of the children and the attendant circumstances. Brammer, 183 So.3d at 612. There must be proof of negligence in furnishing supervision and proof of a causal link between the insufficient supervision and the accident before liability can be levied upon a school board for failure to sufficiently supervise the wellbe-ing of students. Id. To impose such liability on the part of a school board, the risk of unreasonable injury must be foreseeable, constructively or actually known, and preventable if a requisite degree of supervision had been exercised. Id. Generally, teachers are obliged to use only that supervision and discipline required of a reasonably prudent person under the circumstances at hand. Id. Furthermore, constant supervision of all students is not possible, nor is it required, for educators to discharge their laduty to provide adequate supervision. Wallmuth v. Rapides Parish Sch. Bd., 01-1779 (La. 4/3/02), 813 So.2d 341.
Jordan testified that he and Clayton were able to easily carry the table *402 across the parking lot without additional help. Clayton testified that he had been asked to move a table before and had done so without incident and that he did not need instructions from Coach Garner on how to hold the table. Coach Garner testified that no student had been injured moving a table in his more than 17 years of teaching, and he had students move tables in the past without incident.
The record reveals that there is no school policy preventing a teacher from asking students to perform routine tasks, such as moving furniture, while at school. The Jonesboro-Hodge High School Code of Student Conduct expects students to “be helpful and courteous” to any adult in the school, including teachers. The Code of Student Conduct also states, “Students will be expected to care for them assigned textbooks, furniture, and equipment,” which certainly could include moving the furniture as requested by a teacher.
This Court recently, in Bramrner, supra, found liability on the part of the school board for a teacher’s failure to investigate an incident of reported bullying during recess. The fourth grade student injured in that case reported to his teacher that a group of boys were bullying him on the playground. The teacher did not investigate the student’s allegations as required by school policy, and the reporting student was subsequently injured in a physical altercation with the other students.
14As previously stated, in the instant case there was no school policy that prohibited Coach Garner from having Jordan and Clayton move tables at the school. Additionally, the law requires the court to consider the age of the children involved and the attendant circumstances. Jordan and Clayton were high school students who would have known how to move a table. Clayton testified that he had moved tables before, and he did not need instructions on how to move a table.
Finally, the injury involved in this case still could have occurred had Coach Garner been personally supervising Clayton and Jordan while the two were moving the tables.
Conclusion
For the above reasons, we AFFIRM the district court’s judgment. Costs are assessed to plaintiffs.

. The judgment rendered by Judge Fallin included Coach Greg Garner as a defendant in the case. However, plaintiffs' petition named only the school board as a defendant.